UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANH Y. LE,

    Petitioner,

        v.                          CAUSE NO. 3:25-CV-1045-CCB-SJF

THOMAS HORGAN, TODD M. LYONS,
KRISTI NOEM, PAMELA BONDI, and
WARDEN,

    Respondents.

## <u>OPINION AND ORDER</u>

One thing that is not in doubt in this case is that Danh Y. Le, an immigration detainee, is subject to an order of removal, ordering him removed to Vietnam. He came to the United States in 1980 as a refugee and later became a lawful permanent resident. He was ordered deported to Vietnam in 1995 following criminal convictions that made him deportable. ECF 36-1 at 1-6 (Order to Show Cause); *Id.* at 7 (Deportation Order). Upon the conclusion of his criminal sentence, immigration authorities took him into custody in order to deport him. However, his deportation could not be carried out, and in 1997 he was released from immigration custody on an Order of Supervision after 18 months' detention.

Le was next taken into the custody of Immigration and Customs Enforcement (ECF) in 2010, because he was identified as a targeted ICE fugitive and had active criminal warrants in Maryland. ECF 36-1 at 13. After those warrants were finalized (the charges were dismissed), Le was taken into ICE custody on September 16, 2010. *Id.* at

13-14. He was released on an Order of Supervision on November 4, 2010. ECF 36-1 at 9-11. The Order of Supervision stated that he was released because ICE "has not effected your deportation or removal during the period prescribed by law." *Id.* at 9.

The immigration records next show that Le was arrested by ICE on June 19, 2025, when he reported to the York, Pennsylvania ICE Office for his scheduled Alternative to Detention appointment. ECF 36-1 at 15. The after-arrest summary stated the detention was because "[p]ursuant to the new policy change in Pre-1995 Vietnamese nationals, it appears there is SLRRFF [a significant likelihood of removal in the reasonably foreseeable future] in this case." ECF 36-1 at 15. The records state that Le was issued a Notice of Revocation of Release, revoking his prior Order of Supervision, *id.*, but respondents later acknowledge that no formal revocation of his Order of Supervision was issued, ECF 42 at 8. Le's immigration records state that he will be detained in ICE custody pending the issuance of a travel document from the Vietnamese Embassy. ECF 36-1 at 5. The same day he was arrested, a form I-217, Information for Travel Document or Passport, was prepared. *Id.* at 19.

On June 24, 2025, about a week after he was detained, Le filed a motion to reopen his immigration proceedings, seeking to have his deportation order set aside and to assert a claim for deferral of removal under the Convention Against Torture (CAT). ECF 1-18 at 2-5. The immigration judge granted the motion to reopen on July 8, 2025, only for the purpose of allowing Le to apply for deferral of removal under CAT. ECF 36-1 at 20-21. Le's request to reopen the underlying deportation order was denied. *Id.*

2

In the meantime, Le twice moved for a custody redetermination. The first one was denied on August 1, 2025, after the immigration judge determined Le was a danger to society and a flight risk, and no amount of bond would ensure his appearance at future immigration proceedings. ECF 1-5 at 2-3. He filed a second motion for a custody redetermination based on changed circumstances on September 25, 2025. ECF 1-14 at 2-14. The outcome of that motion is not disclosed, but the court notes that Le remains detained.

Le's application for deferral of removal under the Convention Against Torture was denied on November 6, 2025. ECF 36-1 at 26-27. Le appealed the decision to the Board of Immigration Appeals (BIA), and his appeal is currently pending.

Le filed this petition for a writ of habeas corpus on October 3, 2025, while he was detained in Pennsylvania. The case was transferred to this district in December 2025 after Le was transferred to Miami Correctional Facility. ECF 30.

Absent an allegation that a noncitizen violated a condition of release, immigration detention of noncitizens is governed by either 8 U.S.C. § 1226 or 8 U.S.C. § 1231. This court previously found that because Le's immigration case was only partially reopened and the underlying removal order was not subject to being disturbed, his detention could not be said to fall under § 1226, which authorizes detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a); ECF 39. Rather, Le's detention was more like that in *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), where noncitizens had re-entered the United States after having been previously removed and their prior removal orders were

reinstated and not subject to being challenged. Those noncitizens, however, were allowed to apply for withholding of removal, a form of relief that does not affect the underlying removal orders but limits *where* a noncitizens may be removed. *Id.* at 530. "If an immigration judge grants an application for withholding of removal, he prohibits [the Department of Homeland Security (DHS)] from removing the alien *to* that particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute." *Id.* at 536. Therefore, this court determined that Le's detention fell under § 1231, which at this point authorizes detention only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). Under *Zadvydas*, after an initial 6-month period deemed presumptively reasonable to detain a noncitizen to effectuate the removal (which, for Le was satisfied during his prior periods of detention) "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The court, therefore, ordered supplemental briefing directed towards the question of whether removal is reasonably foreseeable. ECF 39. In this situation, of course, the government's efforts towards Le's removal will have been put on hold while his CAT claims are being litigated. But, because Le was re-detained after being released on an Order of Supervision based on removal not being possible, the court may look to

4

the basis for re-detaining Le and determine whether that basis provides a reason to believe that removal is reasonably foreseeable and may be implemented once the CAT proceedings are finally concluded. Therefore, the court looks to the efforts that were made to effectuate Le's removal from 2010, when he was released on the Order of Supervision, through his re-detention on June 19, 2025, and until July 8, 2025, when his motion to reopen was granted. *See* 8 C.F.R. § 1003.23(b)(1)(v) ("Except in cases involving in absentia orders, the filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the immigration judge, the Board, or an authorized DHS officer."). If ICE's efforts were well underway before being interrupted by the granting of the motion to re-open, and can be picked up in the event that the appeal is denied, then Le's detention remains authorized under § 1231(a)(6). *See Euceda v. Evans*, No. 1:17-CV-256(LMB/JFA), 2017 WL 1534197, at *5 (E.D. Va. Apr. 24, 2017) (noting "ordinary delays associated with processing an alien's claim for withholding or asylum do not normally trigger the concerns raised in Zadvydas" in case where petitioner "stipulated that the government routinely removes aliens to Honduras without significant delay and that there are no current structural or diplomatic barriers interfering with the United States' ability to effectuate removals of Honduras nationals to their native country.") (citations omitted).

Here, Le has provided good reason to believe that his removal is not reasonably foreseeable. Respondents have not rebutted that showing. They have presented no evidence that Le's removal was reasonably foreseeable when he was re-detained in June

5

2025. The after-arrest summary states that he was taken into custody pursuant to a new policy change in pre-1995 Vietnamese nationals, but respondents have not produced a Notification of Revocation of Release stating the reasons ICE decided to revoke Le's release and admit that none exists. ECF 42 at 8. There is nothing in the record that explains what this new policy change is or how it would apply to Le, in particular, to make his removal reasonably foreseeable.

There is no evidence ICE took any steps toward Le's removal before his arrest in June 2025. After his arrest, the only step ICE has taken towards his removal was to have him fill out the form to request travel papers. No action was taken to submit those papers to the Vietnamese government before Le's motion to reopen was granted, and respondents provide no indication that the Vietnamese government would have responded favorably to the travel document request. The reasonable conclusion on this record is that Le's motion to reopen did not interrupt an otherwise foreseeable removal. Removal was not foreseeable in 1997; it was not foreseeable in 2010; and it continued to be unforeseeable when Le was arrested in 2025. His detention is not authorized by § 1231.

Respondents further acknowledge that Le did not receive the procedural requirements he is due under the regulations upon a revocation of his Order of Supervision. *See* 8 C.F.R. §§ 241.4(*l*), 241.13(i). However, because Le's detention is not otherwise authorized under § 1231(a), it is unnecessary to determine how this affects the legality of his detention.

For these reasons, the court:

(1) **DENIES** the motion for a preliminary injunction (ECF 38) and the motion to expedite ruling (ECF 45) as moot;

(2) **GRANTS** the petition for writ of habeas corpus (ECF 24) and ORDERS the respondents to release Danh Y. Le on the same conditions of release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **May 1, 2026**;

(3) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 30, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT